UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| QUADIRI AYODELE, | * | CIV. 10-4009 |
| Plaintiff, | * | |
| vs. | * | REPORT and RECOMMENDATION |
| AGENT FIEGGINS, South Dakota Department of Criminal Investigation; AGENT HARVISON, Federal Bureau of Investigation; OFFICER JOHN DOE, Minnehaha County Sheriff's Department; OFFICER JOHN DOE II, Sioux Falls City Police; MINNEHAHA COUNTY, SOUTH DAKOTA; and CITY OF SIOUX FALLS, SOUTH DAKOTA, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and unspecified monetary damages. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 on February 5, 2010. To date, Petitioner has paid none of the $350.00 filing fee..

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, it is recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff explains that on February 6, 2007, he was interrogated by Defendants Fieggins, Harvison, and John Does I and II. Plaintiff was eventually charged with felony possession by ingestion after he provided two urine samples. *See Complaint* Doc. 1 at ¶¶ 5-6. These charges were dismissed in May 2007[1] after Plaintiff's lawyer reviewed the interrogation video. *Id.* at ¶ 7. As a result of the incarceration, however, Plaintiff claims to have suffered psychological trauma and that he lost his business and the revenue therefrom, as well as eleven vehicles. His home was placed in foreclosure. Id. at ¶8.[2]

Plaintiff's Complaint is long on generalizations but short on specifics. He asserts that "said harassment, mistreatment, false arrest and other illegal and unconstitutional acts inflicted upon him by Defendants . . . [were the] product of racial discrimination . . ." *Id.* at ¶ 9. He further alleges "Defendants Minnehaha County and City of Sioux Falls condones and advances such illegal and unconstitutional acts and practices . . . by way of policy, practice, custom, usage, negligence and tacit authorization, thereby rendering said Defendants county and city additionally liable for the damages suffered by Plaintiff in this matter." *Id.* at ¶ 10. Plaintiff does not specify what harassment, or mistreatment he suffered at the hands of the Defendants. He likewise does not specify what policies, practices, or customs to which he refers. Plaintiff claims that because of Defendants' "illegal and racially motivated acts, practices policies and customs applicable to his mistreatment and false arrest . . . he was deprived of his rights to freedom of expression, freedom from illegal search and seizure, freedom from the use of excessive force, due process, and equal protection of the law as guaranteed

---

[1]Plaintiff indicates the charges were dismissed, but he does not explain why he is currently residing in the South Dakota State Penitentiary. The Court takes judicial notice of the federal indictment which was issued on June 28, 2007 in the Southern District of South Dakota, charging Mr. Ayodele with conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mr. Ayodele entered a guilty plea on April 28, 2008, and Judgment was entered on August 26, 2008 sentencing him to 240 months imprisonment. *See* CR. 07-40055-01, Doc. 1211.

[2]Plaintiff does not explain the nature of his business, nor the location of his business and/or home.

him by way of the First, Fourth, Fifth, and Fourteenth amendments to the U.S. Constitution." *Id.* at ¶ 11.

Plaintiff also asserts state-law claims in ¶ 12 of his Complaint. He claims that "Defendants' illegal and racially motivated acts, practices policies and customs . . . are in further abrogation of his state statutory rights under SDCL § 20-13-26 and SDCL § 22-19B-1,[3] prohibiting racial discrimination, together with all relevant South Dakota state law prohibiting false arrest, excessive force, and illegal search and seizure."

In the first sentence of his Complaint, Plaintiff explains that he is African-American. Plaintiff provides no *facts* , however, to support his claims that his arrest was racially motivated. He likewise provides no *facts* to support his claims that excessive force was used, nor any *facts* to support his claim that he was subjected to an illegal search and seizure.

## JURISDICTION

This prisoner civil rights lawsuit has been assigned to Judge Schreier. It is has been referred to the Magistrate Judge pursuant to Judge Schreier's Standing Order dated March 18, 2010 and 28 U.S.C. § 636(B)(1)(b).

## DISCUSSION

---

[3]SDCL § 20-13-26 provides: It is an unfair or discriminatory practice for any person, directly or indirectly; to conceal any unlawful discrimination; to aid, abet, compel, coerce, incite, or induce another person to discriminate; or by any means trick, artifice, advertisement, or sign, or use any form of application, or make any record or inquiry, or device whatsoever to bring about or facilitate discrimination; or to engage in or threaten to engage in reprisal, economic or otherwise, against any person by reason of the latter's filing a charge, testifying or assisting n the observance and support of the purpose and provisions of this chapter.

SDCL § 22-19B-1 provides: No person shall maliciously and with specific intent to intimidate or harass any person or specific group of persons because of that person's or group of person's race, ethnicity, religion, ancestry, or national origin: (1) cause physical injury to another person;

3

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) . A plaintiff "does not need detailed factual allegations . . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965. *See also, Abdullah v. Minnesota,* 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F. 3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King,* 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

### 1. Plaintiff's Complaint is Wholly Conclusory and Fails to State A Claim Upon Which Relief May Be Granted

Plaintiff asserts: (1) the Defendants arrested him;(2) he was subjected to illegal search and seizure; (3) he was subjected to excessive force and (4) the arrest, illegal search and seizure and excessive force were all a result of racial discrimination. The only factual basis Plaintiff provides to support any of his claims is that he was arrested and the charges were later dismissed and that he is African-American. Such vague and conclusory allegations are wholly insufficient to survive the screening process under 28 U.S.C. § 1915 and 1915A. Those statutes provide in relevant part:

**1915. Proceedings in forma pauperis**

**(b)(1)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (B)    the action or appeal
- (i) is frivolous or malicious
- (ii) fails to state a claim upon which relief may be granted; or
- (iii) seeks monetary relief against a defendant who is immune from such relief.

**1915A. Screening**
**(a) Screening.** The Court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2)    seeks monetary relief from a defendant who is immune from such relief.

"Although racial discrimination claims are actionable merely conclusory allegations of discrimination are insufficient to state a claim under § 1983. Absent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." *Foster v. Powers,* 2009 WL 349165 (D.S.C. at *9, fn. 4). *See also, Johnson v. Medford* 208 F.Supp.2d 590 (W.D.N.C. 2002)(prisoner complaint properly dismissed on screening, "in order to state a claim for racial discrimination, the plaintiff must at least go beyond mere conclusory assertions that a particular action was taken because the defendant is of a race which is different from the plaintiff's."); *Ballance v. Virginia*, 130 F.Supp.2d 754, 761 (W.D. Va. 2000) (although allegations of racial discrimination are actionable under § 1983, merely conclusory allegations of discrimination are insufficient to state a claim). In this case, Plaintiff's Complaint contains nothing but his own speculative, conclusory accusations that Defendant's alleged actions were racially motivated. According to the above-cited authority, Plaintiff has failed to state a claim upon which

relief may be granted under 42 U.S.C. § 1983. The same is true for his claims of illegal search and seizure and excessive force.

> 2. **Plaintiff's Suit Fails to State a Claim Upon Which Relief May Be Granted Under 42 U.S.C. § 1997e(e) Because He Alleges Mental/Emotional Injury in the Absence of Prior Physical Injury**

Plaintiff's suit is barred for another reason: 42 U.S.C. § 1997e provides in relevant part:

> **1997e(e): Limitation on Recovery**
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Another basis of Plaintiff's lawsuit is that he suffered "psychological trauma"[4] as a consequence of his wrongful arrest. This is precisely the type of injury claim which falls squarely within the prohibition of § 1997e(e) and as such, Plaintiff's claim for damages is barred as a matter of law.

> 3. **The Filing Fee**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files

---

[4]Although Plaintiff generally asserts on the first page of his Complaint that he is "suffering physical and psychological injury . . ." he made no further mention of a physical injury in the remainder of his Complaint nor did he explain how any such injury occurred, when it occurred, or who inflicted it.

an appeal."). Any filing fees paid, therefore, will not be refunded to the Plaintiff and he remains responsible for payment of the entirety of the fee.

### CONCLUSION, RECOMMENDATION AND ORDER

A careful review of Plaintiff's Complaint and the relief he seeks leads to the conclusion that he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. It is therefore respectfully **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, it is **ORDERED**:

(1) Any filing fees paid to date will not be refunded and Plaintiff remains responsible for the balance of the $350 fee;

(2) It is **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice.

Dated this 7th day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.
*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)