UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| QUADIRI AYODELE, ) | Civ. 10-4009-KES |
| ) | |
| Plaintiff, ) | |
| ) | ORDER ADOPTING |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| AGENT FIEGGINS, SD Department ) | AND DISMISSING CASE |
| of Criminal Investigation; ) | |
| AGENT HARVISON; ) | |
| JOHN DOE, Officer; ) | |
| JOHN DOE II, Officer; ) | |
| MINNEHAHA COUNTY, SOUTH ) | |
| DAKOTA; and ) | |
| CITY OF SIOUX FALLS, SOUTH ) | |
| DAKOTA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Quadiri Ayodele, filed a pro se civil rights suit against defendants. Docket 1. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was assigned to United States Magistrate Judge John E. Simko for purposes of conducting any necessary hearings, including evidentiary hearings, and issuing a report and recommendation for the disposition of this case. Docket 6. On April 7, 2010, Magistrate Judge Simko issued his report and recommended that Ayodele's complaint be dismissed for failure to state a claim upon which relief may be granted. Docket 8. Ayodele objects. Docket 19, 22.

**DISCUSSION**

In accordance with Federal Rule of Civil Procedure 72(b), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See also Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) ("If written objections are filed, the District Court shall conduct the required de novo review as to those portions of the magistrate's report and recommendation to which objection is made."). Ayodele objects to Magistrate Judge Simko's determinations that: (1) his complaint fails to state a claim, and (2) 42 U.S.C. § 1997e(e) bars his claims for mental/emotional injury. Docket 22. The court considers these issues de novo.

"[A]lthough liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that

assumes facts that have not been pleaded. *Id.* Ayodele argues that his complaint is sufficient to survive initial review. He has asserted he was subjected to an illegal search and seizure, subjected to excessive force, and that the arrest, illegal search and seizure, and force were the result of racial discrimination. Ayodele does not provide additional facts in support of his claims in his objections. As Magistrate Judge Simko noted "[t]he only factual basis Plaintiff provides to support any of his claims is that he was arrested and the charges were later dismissed and that he is African-American." Docket 8 at 4. This remains true. Accordingly, Ayodele has failed to state a claim upon which relief may be granted.

Ayodele argues that 42 U.S.C. § 1997e(e) does not apply to his claims because they are unrelated to his current incarceration. He also argues that he has shown physical injury because he alleged the loss of his business, vehicles, and home. Section 1997e(e) of the Prison Litigation Reform Act (PLRA) provides that "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eighth Circuit has held that "section 1997e(e) [limits] recovery for mental or emotional injury in all federal actions brought by prisoners." *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). The fact that the events forming the basis of Ayodele's complaint do not relate to his

3

incarceration is irrelevant. Section1997e(e)'s limitation applies to all federal civil actions brought by prisoners. Ayodele's second contention is that he has shown physical injury. He argues that Black's Law Dictionary defines physical injury as "the invasion of a legally protected interest of another." But the statute refers to physical injury as an injury to the body. *See Kahle v. Leonard*, 563 F.3d 736, 741-42 (8th Cir. 2009) (noting that pretrial detainee's suit for forced sexual contact was not barred by § 1997e(e)'s physical injury requirement); *Munn v. Toney*, 433 F.3d 1087 (8th Cir. 2006) (holding that claim of inmate who alleged headaches, cramps, nosebleeds, and dizziness was not barred by § 1997e(e)). Because Ayodele has alleged only financial loss and not physical injury, his argument fails.

## CONCLUSION

Ayodele has failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 8) is accepted in full and Ayodele's claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Dated November 2, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE